Singh v. Home Depot U.S.A., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————————

BALWAN SINGH,

> *Plaintiff-Appellant*,

> v.                                                                              12-4996

HOME DEPOT U.S.A., Inc.,

> *Defendant-Appellee*.

———————————————————————————

**FOR APPELLANT:**          Balwan Singh, *pro se*, Bellerose, New York.

**FOR APPELLEES:**          Stephen F. Willig, D'Amato & Lynch, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Balwan Singh, proceeding *pro se*, appeals from a judgment of the district court dismissing his diversity negligence claim following a bench trial. Singh's briefs challenge the scheduling of the bench trial and the district court's ruling that he failed to establish a prima facie case of negligence. We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I.     Trial Scheduling

We review a district judge's decision to deny a continuance "only for abuse of discretion." Farias v. Instructional Sys., Inc., 259 F.3d 91, 100 (2d Cir. 2001). A defendant seeking a reversal must demonstrate that the court's decision was both arbitrary and prejudicial. United States v. Miller, 626 F.3d 682, 690 (2d Cir. 2010).

Singh gives us no reason to believe that his inability to attend the trial prejudiced his case. In light of Singh's absence, his attorney presented Singh's testimony via his deposition transcript, which thoroughly covered all the subjects on which Singh had offered to testify at trial. Singh identifies no additional testimony that he could have provided, much less shows how that testimony may have changed the verdict. See Payne v. Jones, 711 F.3d 85, 91 (2d Cir. 2013) (finding no prejudice where "the defendant failed to identify anything he would have testified to that was not included in the deposition testimony that was read to the jury").

Singh appears to suggest that he received ineffective assistance of counsel because his counsel "misled" him about the date of the trial. But a lawyer's purported shortcomings present no cognizable ground for relief in a civil matter, where the Sixth Amendment right to counsel does not apply. United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981). Any alleged misunderstanding between Singh and his attorney regarding the trial date provides no basis to disturb the judgment.

## II.    Evidence at Trial

Following a bench trial, we review the district court's legal conclusions de novo and its findings of fact for clear error. See L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau County, 710 F.3d 57, 65 (2d Cir. 2013). We "give deference to all credibility determinations and reasonable inferences of the [fact finder], and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 128 (2d Cir. 2012) (internal quotation marks omitted).

Under New York law, a claimant seeking to establish a prima facie case of negligence must demonstrate that "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damaged as a proximate result." Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks omitted). Where a claimant is injured by a dangerous condition on the defendant's property and the defendant did not create the condition, the defendant is liable only if he had actual or constructive notice of the defect. Taylor v. United States, 121 F.3d 86, 89-90 (2d Cir. 1997). To give rise to constructive notice, the defect "must be visible and apparent and it must exist for a sufficient length of time prior to

3

the accident to permit defendant's employees to discover and remedy it." Id. at 90 (internal quotation marks omitted).

We find no error in the district court's conclusion that Singh failed to establish a prima facie case of negligence. The district court reasonably found that Singh did not prove by a preponderance of the evidence that his injury was caused by a "defect" on Home Depot's property, much less that Home Depot or its employees were or should have been aware of that defect. Singh suggests that a broken pallet caused his fall, but the record does not establish that the pallet was even broken, much less who broke it or whether Home Depot's employees should have been aware of the condition. Read generously, Singh's position is that the very design of Home Depot's tile display, allowing customers to move heavy packages unattended, was unreasonably dangerous. But the evidence that Home Depot had used the same display – similar to others throughout its stores – for at least a month without prior accidents or complaints supports the district court's finding that the design comported with standards of ordinary care.

For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4